**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JERRY B. EZEBUIROH, #S12813,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-00442-JPG |
| ) | |
| **SERGEANT JOHN DOE 5,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Jerry Ezebuiroh, an inmate at Marion County Law Enforcement Center ("Jail"), brings this action for deprivations of his constitutional rights under 42 U.S.C. § 1983. (Doc. 2). This case was severed from *Ezebuiroh v. Doe 1, et al.*, No. 20-cv-00157-JPG (S.D. Ill.). This matter focuses on Plaintiff's claims against an unknown sergeant ("John Doe 5") for interfering with his religious practice and subjecting him to unconstitutional conditions of confinement at the Jail. (*Id*. at pp. 8-11). Plaintiff seeks money damages from the defendant, employment termination of the defendant, and expungement of his criminal record.[1] (*Id*. at p. 12).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C.

---

[1] Termination of the defendant and expungement of Plaintiff's criminal record are not available under Section 1983, so the two requests for relief are considered dismissed from this action.

1

§ 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff set forth the following allegations against Sergeant John Doe 5 in the Complaint: On January 24, 2019, Sergeant Doe 5 removed a cross that was hanging on the inside of Plaintiff's cell door. (Doc. 2, pp. 10-11). He also denied Plaintiff's request to replace of moldy sleeping mat. (*Id.*). Two days later, Plaintiff complained about a gassy smell entering his cell through two large holes, and Sergeant Doe 5 refused to investigate it—instead telling Plaintiff to "think about" what he did wrong. (*Id.*).

Based on these allegations, the Court finds it convenient to designate the following two counts against Sergeant Doe 5 in the *pro se* Complaint:

**Count 1:** Sergeant Doe 5 interfered with Plaintiff's religious exercise or freedom of expression by removing a cross from his door on January 24, 2019, in violation of his rights under the First Amendment.

**Count 2:** Sergeant Doe 5 subjected Plaintiff to unconstitutional conditions of confinement by denying his request to replace a moldy mat and investigate a foul smell in January 2019, in violation of his rights under the Fourteenth Amendment Due Process Clause.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## Count 1

To the extent Plaintiff seeks to bring a First Amendment claim against Sergeant Doe 5 for interfering with his religious exercise, the allegations fail to state any claim for relief. Plaintiff merely alleges that the defendant removed a cross from his door. Plaintiff does not allege that the it restricted his religious exercise in any way, the defendant removed the item because of its religious nature, or the defendant removed the cross in order to discriminate against his religion.

2

*See O'Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir. 1996) (inmate's free exercise "does not depend upon his ability to pursue each and every aspect of the practice of his religion"). It is entirely possible—if not likely—that the cross was removed for safety reasons. The allegations offer no insight into the exact nature of this claim. Absent basic information about the deprivation at issue, Count 1 shall be dismissed without prejudice.

## Count 2

The Fourteenth Amendment Due Process Clause governs a pretrial detainee's claim for unconstitutional conditions of confinement. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015) (citations omitted). As a detainee, Plaintiff is entitled to be free from conditions that "amount to punishment." *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). A condition amounts to punishment "if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless." *Id*. (quoting *Bell*, 441 U.S. at 538-39).

Plaintiff complains of a moldy sleeping mat and a smelly gas entering his cell, conditions that may have caused only temporary discomfort. Conditions that cause inconvenience or minor discomfort do not support a constitutional claim. *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971). Potentially dangerous conditions that result in no injury also state no claim. *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim. . . ."). Plaintiff does not adequately describe the mold or gas or related symptoms he experienced in January 2019. Because of this, the Court is unable to determine whether the conditions are sufficiently serious to support a constitutional claim. Count 2 does not survive preliminary review and shall be dismissed.

Plaintiff shall have an opportunity to file an amended complaint if he wishes to re-plead either claim against Sergeant Doe 5. If he chooses to do so, Plaintiff must follow the instructions and deadline set forth in the below disposition. He is **WARNED** that failure to comply may result in dismissal of this entire action with prejudice and a "strike" under 28 U.S.C. § 1915(g).

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 2), including **COUNTS 1** and **2**, is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **February 19, 2021**. Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

If he does choose to proceed with this action, it is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form "First Amended Complaint" and use the case number for this action (No. 20-cv-00442-JPG).

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A. To ensure his ability to comply with this Order, the Clerk of Court is **DIRECTED** to provide Plaintiff with a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was

incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  28 U.S.C. § 1915(b)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED:  1/20/2021**

s/J. Phil Gilbert<br>
**J PHIL GILBERT**<br>
**United States District Judge**